### BAUMERT et al. v. DAESCHLER.

(Supreme Court, Appellate Term. January 27, 1910.)

1. ASSIGNMENTS (§ 121*)—PERSONS WHO MAY SUE—ASSIGNEE OF CHOSE IN AC-TION.

At common law the assignee of the chose in action could not sue in his own name, though he may do so under the statutes.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 200–205; Dec. Dig. § 121.*]

---

2. JUDGMENT (§ 839*)—ASSIGNMENT—MODE.
 Though the statute expressly authorizes the assignment of a judgment, it prescribes no formality as essential to the validity of the assignment.
 [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1533, 1534; Dec. Dig. § 839.*]

3. PARTNERSHIP (§ 242*)—RETIRING PARTNER—INTEREST OF NEW PARTNER.
 Where, after a firm had obtained a judgment, one of the partners sold his partnership interest to the others, and they sold his interest to a third person, the retiring partner's interest in the judgment passed as any other firm asset and vested in the new partner, and the new firm could sue on the judgment.
 [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 503; Dec. Dig. § 242.*]

 Appeal from Municipal Court, Borough of Manhattan, First District.

 Action by Frank J. Baumert and others against Louis Daeschler. Judgment of dismissal, and plaintiffs appeal. Reversed, and new trial ordered.

 Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

 David J. Gladstone, for appellants.
 James Moffett, for respondent.

 DAYTON, J. F. J., Wm. A., and Jos. Baumert, composing the firm of F. X. Baumert & Co., sued and recovered a judgment in their favor as such firm against the defendant here. Thereafter Jos. Baumert withdrew from the firm, and by a written instrument, dated March 4, 1904, sold and transferred to his associates, Wm. A. and F. J. Baumert, his one-third interest in all of the property and the assets of the partnership, and the last two continued the partnership business under the same name. Subsequently they entered into an agreement in writing with Henry Bahr to take him into the firm and sell and transfer to him the one-third interest which they had purchased from Jos. Baumert. The agreement to transfer this interest seems to be executory, but the partnership appears to have been continued by these three parties under the same name, and F. J. Baumert testified that he and Wm. A. Baumert sold to Bahr the identical interest in the firm which they had bought from Jos. Baumert. The action at bar was brought in the name of these last three parties, as composing the firm of F. X. Baumert & Co., to recover a judgment on the original judgment in favor of the firm as first constituted. The trial court dismissed the complaint without prejudice, and the only question here is whether the action was maintainable by these plaintiffs under the instruments above mentioned and without any other assignment of the judgment sued on.

 At common law the assignee of a chose in action could not sue in his own name. The rule is otherwise under the statutes of this state. An assignee sues in his own name. The statute here also expressly authorizes the assignment of a judgment, but prescribes no formality as essential to the validity of the assignment. The judgment was unquestionably a partnership asset, and no good reason has been sug-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gested why an instrument by one partner to another, selling and transferring to the latter all of the former's interest in the partnership assets, does not pass his interest in a judgment, as well as in the firm's other personal assets. When a partner withdraws, and assigns his interest to his associates, they may certainly pursue in their names the claims due to the partnership. Wm. A. and F. J. Baumert might have sued, if they had continued the partnership without taking in Bahr. Their partnership agreement with him, if one was made, cannot affect the liability of the defendant on the original judgment, which either Wm. A. or F. J. Baumert would be entitled to satisfy for the firm of F. X. Baumert & Co., even if Jos. Baumert had not sold his interest, and after such sale Jos. Baumert could not so represent the firm. A judgment now on the original judgment would bar any action by Jos. Baumert. The judgment dismissing the complaint was error, and should be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

LEHMAN, J., concurs. GIEGERICH, J., concurs in result.