ADOLPH HERBACH, Judgment Creditor, Plaintiff, *v.* SAM HERBACH, Judgment Debtor, Defendant.*

City Court of New York, New York County, February 9, 1933.

*Gold & Singer*, for the judgment creditor.

*Charles Lanzoff*, for the judgment debtor.

RYAN, J. The judgment debtor moves to vacate a third-party order heretofore made herein and directed to the Travelers Insurance Company. The order was procured on the ground that said third party is indebted to the judgment debtor in a sum exceeding ten dollars, same consisting of disability payments due from said company to the debtor under a life insurance policy. It appears that the debtor is the insured under certain policies of insurance issued to him by the Travelers Insurance Company, each of which policies contains, among others, a so-called disability clause under the provisions of which, under certain conditions therein enumerated,

* See, also, *Lion Credit Union* v. *Gutman* (148 Misc. 620).

the insured shall be entitled to receive from the company a stated sum per month while permanently disabled; that pursuant thereto the debtor has been receiving the sum of $110 monthly, payable on the seventh of each month, which payments are to continue until such time as the disability ceases.

The vacation of the order is sought on the ground that the wife of the debtor is the beneficiary under the policies and that under such circumstances any disability payments thereunder are intended for the sole purpose of providing for the wife and dependents of the assured and, therefore, such disability benefits may not be attached. Reliance is placed upon section 55-a of the Insurance Law. Disability benefits are, under the provisions of the policies, payable to the insured. The protection given to the beneficiary wife is only such as is afforded by the statute and this was intended to give her financial protection in the event of the death of the assured and to insure to her the payment of insurance effected on the life of her husband free from the claims of creditors.

It may be that the object of the debtor in securing this disability protection was to afford protection to his wife and children in the event illness or accident disabled him from earning a livelihood, but in the absence of any statute exempting such payments from the claims of creditors, this court cannot hold that such benefits are exempt therefrom. No property is exempt from execution unless some statute makes it so, and the burden is upon a person claiming exemption to bring his property within some statutory exception. (*Baker* v. *Brintnall*, 52 Barb. 188.) Compensation benefits under the Workmen's Compensation Law are not earnings for personal services, and even though intended to supply a workman with a substitute for wages during his disability, the same would not be exempt from execution in the absence of statutory protection. (See *Surace* v. *Danna*, 248 N. Y. 18.)

While considering the question involved my attention was called to the case of *Wittman* v. *Littlefield* (142 Misc. 916; affd., 235 App. Div. 831). In that case an action was brought by a judgment creditor of the defendant Henry W. Littlefield to set aside, as fraudulent and without consideration, an assignment by said defendant to his wife (also a defendant) of the disability benefits under two insurance policies on his life. The answer of said defendants and of the defendant insurance company contain, among others, the defense that said disability benefits were exempt from execution by virtue of section 55-a of the Insurance Law. The court in upholding the validity of those defenses and overruling the contention of plaintiff that the statute has reference only to the life insurance policy proper and does not apply to disability benefits,

said: " The disability clauses are customarily combined with and included in our present day insurance policies. (Ins. Law, § 70, as amd.)  It is only fair to regard the disability benefits as within the purview of section 55-a."

While I am in accord with the statement that the exemption statute should be liberally construed, having in mind its beneficent purpose, I am constrained to adhere to the determination above reached by me for the reasons there stated.  While the disability clauses are customarily combined with and included in our present day life insurance policies, nevertheless where, as in this case, such disability benefits are to be paid only to the insured and not to his wife, it would seem that the statutory exemption of the " proceeds and avails " of life insurance policies must be construed as being limited to such benefits under the policies as are made payable to the wife of the insured as beneficiary.  The motion to vacate is denied.