MANUFACTURERS TRUST COMPANY, Appellant, *v.* WOLF RECHTMAN and Another, Respondents.

First Department, December 15, 1933.

*Leonard G. Bisco* of counsel [*William A. Stern, II*, with him on the brief; *Newman & Bisco*, attorneys], for the appellant.

*Max L. Wiesenthal*, for the respondents.

GLENNON, J. This appeal presents a question which, at the present time, might be considered novel.

It is alleged in the complaint and was *prima facie* established upon the trial that, on the 15th day of July, 1931, Conlew, Inc., plaintiff's assignee, recovered a judgment against Audrey Import Co., Inc., and Arthur Schoenbrun in the sum of $10,658.57. On the 8th day of September, 1931, Conlew, Inc., assigned the judgment to plaintiff, and the defendants, in consideration of plaintiff's agreement not to issue execution and to accept partial payments on account of the obligation, signed the guaranty agreement, which is the basis of this suit. It was conceded upon the trial that the assignment of the judgment was not in writing. In dismissing the complaint the court said in part: " I am holding here that such an assignment is not a valid and legal assignment; that in order to assign a judgment from one party to another, the implication of the provisions of the Civil Practice Act is that a writing is required. I may also say that it would be a strange state of business if judgments obtained and placed on record could be passed around by word of mouth from one party to another, judgments which are liens upon property and judgments under which executions against property may be issued. While there is some authority, going back to the days of the past, for an oral assignment of a judgment, I am holding that no such condition exists today, nor would the law permit an assignment, by an oral arrangement, of a judgment."

The difficulty with the disposition made of this case is that there is nothing in the law, as written at the present time, which prohibits an oral assignment of a judgment. While the Civil Practice Act provides for the entry of an assignment of judgment, still it " prescribes no formality as essential to the validity of the assign-

ment." (See *Baumert* v. *Daeschler*, 65 Misc. 526; *Baker* v. *Secor*, 28 N. Y. St. Repr. 923.)

In Freeman on Judgments (Vol. 2, p. 2187), under the topic " Form and Mode of Assignment," we find the following statement: " With respect to its assignable qualities, a judgment is governed by the rule applicable to other choses in action; and may be assigned by any person and by any method competent and sufficient for the assignment of any other chose in action. The assignment need not be made under seal, or possess other formalities. Nor, except as required by statute, is it indispensable that there should be any written evidence of the transfer, though the essentials of a contract of assignment must be present, including delivery and acceptance by the assignee."

For the reason herein stated, the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.