In re RECHTMAN.

No. B–27801.

District Court, E. D. New York.

June 3, 1935.

348

Max L. Wiesenthal, of New York City, for bankrupt.

Krause, Hirsch & Levin, of New York City, for trustee.

CAMPBELL, District Judge.

This is a motion made on behalf of the bankrupt for an order directing the trustee to turn over to the bankrupt certain life insurance policies.

The bankrupt is the owner of five certain insurance policies, each of which contains total and permanent disability provisions.

The beneficiary in each of these policies is the wife of the bankrupt.

No question has been raised in regard to the exemption of these policies, claimed under section 55-a of the Insurance Law of the State of New York (Consol. Laws N. Y. c. 28).

For some years prior to the filing of the petition in bankruptcy herein, and prior to the creation of the obligation to the Manufacturers Trust Company, to wit, since October 8, 1930, the bankrupt has been collecting disability payments amounting to $300 per month. All payments for premiums have been waived and the bankrupt has not paid any premiums on the policies in question since October 8, 1930.

On October 8, 1931, the bankrupt signed an agreement guaranteeing payment to the Manufacturers Trust Company of the indebtedness of the Audrey Import Company, Inc., and/or Arthur Schoenbrun, under certain terms and conditions. Arthur Schoenbrun, the only stockholder and officer of the Audrey Import Company, Inc., is the son-in-law of the bankrupt.

On or about August 30, 1932, the Manufacturers Trust Company commenced an action against the bankrupt under the guaranty agreement. Trial was had on the 8th and 9th days of March, 1933, in the Supreme Court, New York County, which resulted in a verdict in favor of the bankrupt herein against the plaintiff, dismissing the complaint. Judgment was entered on the 11th day of March, 1933, against the plaintiff.

The Manufacturers Trust Company took an appeal for the said judgment, and the Appellate Division of the New York Supreme Court, First Department, unanimously reversed the judgment so appealed from, and directed a new trial. Manufacturers Trust Co. v. Rechtman, 239 App. Div. 517, 268 N. Y. S. 104. A judgment thereon in favor of the said Manufacturers Trust Company was entered on February 2, 1934.

Thereafter the bankrupt appealed from said judgment to the Court of Appeals of the State of New York (264 N. Y. 639, 191 N. E. 603), which on May 22, 1934, affirmed said judgment of the Appellate Division, and judgment was entered by the Manufacturers Trust Company against the bankrupt herein, on June 7, 1934, in the sum of $9,206.97.

An action pending in the City Court of the City of New York, New York County, wherein the bankrupt was plaintiff, against the Manufacturers Trust Company as defendant, was dismissed on November 24, 1934, and judgment for costs in favor of the Manufacturers Trust Company against the bankrupt herein was entered.

The effective date of section 55-b of the Insurance Law of the State of New York was May 14, 1934.

The Manufacturers Trust Company is the only creditor of the bankrupt.

The wife of the bankrupt is the beneficiary named in the said life insurance policies, but is not entitled to the disability payments which by the terms of the policies are payable to the bankrupt himself.

At the request of the trustee, the policies were turned over to him, and the bankrupt now seeks their return.

So much of the Insurance Law of the State of New York, constituting chapter 28 of the Consolidated Laws, as is necessary for our consideration herein provides as follows:

"§ 55-a. *Rights of creditors and beneficiaries under policies of life insurance.* If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person; provided, that, subject to the statute of limitations, the

amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or in behalf of a creditor, of a claim to recover for transfer made or premiums paid with intent to defraud creditors, with specification of the amount claimed."

The foregoing provision became effective March 31, 1927.

Subsequently thereto, and after the courts had held that section 55-a did not provide for the exemption of disability benefits, section 55 of the said Insurance Law of the State of New York was further amended by adding thereto section 55-b, which reads as follows:

"§ 55-b. *Exemption of disability insurance from execution.* No money or other benefit paid, provided or allowed or to be paid, provided or allowed by any stock or mutual life, health or casualty insurance corporation on account of the disability from injury or sickness of any insured person shall be liable to execution, attachment, garnishment, or other process, or to be seized, taken, appropriated or applied by any legal or equitable process or operation of law, to pay any debt or liability of such insured person whether such debt or liability was incurred before or after the commencement of such disability, but this section shall not affect the assignability of any such disability benefit otherwise assignable, nor shall this section apply to any money income disability benefit in an action to recover for necessaries contracted for after the commencement of the disability covered by the disability clause or contract allowing such money income benefit."

The last section 55-b, became effective on May 14, 1934.

Again, let me repeat, we are not dealing with the exemption to the wife in case of the death of the bankrupt, under section 55-a, but solely with the disability payments which by the terms of the policies are payable to the bankrupt.

Disability benefits receive no exemption by virtue of section 55-a. In re Kern (D. C.) 8 F. Supp. 246; Herbach v. Herbach, 148 Misc. 33, 265 N. Y. S. 144.

See Horowitz v. Weinberg, 156 Misc. 629, 281 N. Y. S. 644, by Mr. Justice Cohn, in which he said: "The recent amendment to the Insurance Law, adding section 55-b (chapter 626, Laws 1934, effective May 14, 1934), serves to emphasize the fact that disability payments under policies of insurance were not theretofore protected by law from execution or attachment by judgment creditors."

■■ This brings us to the consideration of section 55-b.

The bankrupt contends that under that section the disability benefits being paid to the bankrupt are exempt, on the ground that the bankrupt commenced to receive benefits on October 8, 1930, eleven months before he signed the guaranty agreement in question, and that the debt did not accrue until June 7, 1934, when the judgment was entered against him by the Manufacturers Trust Company.

This contention is erroneous. The entry of the judgment had nothing to do with fixing the date of the accrual of the debt. The most favorable date that the bankrupt could claim as that on which the debt accrued would be August 30, 1932, the date of the commencement of the action, because there must have been a breach of the agreement before the action was commenced, or judgment would not finally have been entered in that action against the bankrupt after appeal.

The date of the agreement, September 8, 1931, was the date of the accrual of the claim of the Manufacturers Trust Company.

Further, it appeared from the proof of claim of the Manufacturers Trust Company that the guaranty executed by the bankrupt, on September 8, 1930, guaranteed payment of all liabilities of Audrey Import Company, Inc., and another, and that from the proof of claim it appears that at the time the guaranty was executed, judgment had already been obtained against Audrey Import Company, Inc.

The guaranty agreement was a complete obligation of payment, which became absolutely effective on the day of its execution.

In any event, a creditor holding a guaranty of payment of a debt may file a claim, even though the debt is not due until after bankruptcy. Maynard v. Elliott, 283 U. S. 273, 51 S. Ct. 390, 75 L. Ed. 1028.

The claim of the creditor, Manufacturers Trust Company, arose prior to the effective date of section 55-b.

■ In order for section 55-b to have any effect on the rights of the Manufacturers Trust Company, which rights are now in the trustee herein, it would be necessary to give a retroactive effect to that section.

In that respect I cannot distinguish the question here presented from that presented with reference to section 55-a, in the case of In re Messinger (C. C. A.) 29 F. (2d) 158, at page 161, 68 A. L. R. 1205, in which Circuit Judge Augustus N. Hand, writing for the court, said:

"A matter which neither side has called to our attention is of importance. Section 55-a of the state Insurance Law took effect March 31, 1927. It is unlikely that there were not creditors existing at that time, seeing that bankruptcy followed so soon after. To the creditors whose claims arose prior to the passage of the law, it would not apply. Not only is a retroactive statute which disturbs existing rights unlikely to have been intended, but a state law which deprives existing creditors of their rights to resort to property for payment of their claims would impair the obligation of contracts, and contravene section 10, article 1 of the Federal Constitution. Bank of Minden v. Clement, 256 U. S. 126, 41 S. Ct. 408, 65 L. Ed. 857; Edwards v. Kearzey, 96 U. S. 595, 24 L. Ed. 793; Gunn v. Barry, 15 Wall. 610, 21 L. Ed. 212.

"In fear of such a result, the Pennsylvania act of 1923 exempting the avails of policies was specifically limited to cases where the claims of creditors arose after the enactment of the statute. In re Lang (D. C.) 20 F.(2d) [236] at page 238. Section 55-a should be construed so as not to operate retroactively, and to affect only such claims as arose after March 31, 1927. In re Bonvillain (D. C.) 232 F. 370; In re Heilbron's Estate, 14 Wash. 536, 45 P. 153, 35 L. R. A. 602; Lewellyn v. Frick, 268 U. S. [238] at page 252, 45 S. Ct. 487, 69 L. Ed. 934; Shwab v. Doyle, 258 U. S. [529] at page 534, 42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454."

See Addiss v. Selig, 264 N. Y. 274, 282, 190 N. E. 490, 492, 92 A. L. R. 1384, in which the decision in Re Messenger, supra, is cited with approval, in a very comprehensive opinion by Judge Crane, writing for the court, as follows: "We, therefore, hold that section 55-a of the Insurance Law

does not apply to the plaintiffs or to the class which they represent—pre-existing creditors—and that their complaint was improperly dismissed."

See, also, W. B. Worthen Co. v. Thomas, 292 U. S. 426, 54 S. Ct. 816, 78 L. Ed. 1344, 93 A. L. R. 173, in which the court had before it a question concerning an act passed by the Arkansas Legislature providing for the exemption of all moneys paid to any resident of the state, whether as insured or beneficiary, as life, sickness, accident, or disability benefits. In which the opinion of the court was delivered by Mr. Chief Justice Hughes, who said, 292 U. S. 426, 431, 54 S. Ct. 816, 818: "Such an exemption, applied in the case of debts owing before the exemption was created by the Legislature, constitutes an unwarrantable interference with the obligation of contracts in violation of the constitutional provision. Gunn v. Barry, 15 Wall. 610, 622, 623, 21 L. Ed. 212; Edwards v. Kearzey, 96 U. S. 595, 604, 24 L. Ed. 793; Bank of Minden v. Clement, 256 U. S. 126, 129, 41 S. Ct. 408, 65 L. Ed. 857. Chief Justice Marshall, in Sturges v. Crowninshield, 4 Wheat. 122, 198, 4 L. Ed. 529, observed that: 'It is not true that the parties have in view only the property in possession when the contract is formed, or that its obligation does not extend to future acquisitions. Industry, talents, and integrity, constitute a fund which is as confidently trusted as property itself. Future acquisitions are, therefore, liable for contracts; and to release them from this liability impairs their obligation.' This principle was applied to an exemption of insurance moneys, in relation to antecedent debts, in Bank of Minden v. Clement, supra."

■ That the disability payments are not after-acquired property like wages is clearly established. Even compensation benefits under the Workman's Compensation Law are not earnings for personal service, and would not be exempt from execution in the absence of statutory protection. Herbach v. Herbach, supra; Surace v. Danna, 248 N. Y. 18, 161 N. E. 315.

The right of the trustee to the disability payments to accrue after bankruptcy has been determined, in Re Kern, supra, 8 F. Supp. 246, 249, in which Judge Patterson says: "The bankrupt contends finally that payments to be made after bankruptcy are in the nature of property acquired after bankruptcy, and therefore do not pass to the trustee. The position is untenable.

Whatever the times of payment, the right of the bankrupt to payments under the policies had been acquired long prior to bankruptcy and was a vested right at the time of petition filed. In re Baudouine, 96 F. 536 (D. C. N. Y.); In re Wright, 157 F. 544, 18 L. R. A. (N. S.) 193 (C. C. A. 2); Fuller v. New York Fire Ins. Co., 184 Mass. 12, 67 N. E. 879."

And as was also said in the same case: "It can make no difference that in the present case the contract for life insurance and the contract for disability benefits happened to be set forth in one and the same policy."

■ Granted that the statute should be liberally construed, considering its beneficent purposes, nevertheless, in construing the statute, we should be certain to give it a construction which is clearly constitutional instead of construing it as retroactive, and thus impairing the obligation as to antecedent debts, in violation of the constitutional provision.

The motion is denied.