■ FEDERAL LAND BANK OF SPRINGFIELD, Plaintiff, v. UNITED STATES OF AMERICA, Appellant and LERNER'S NEW DEPARTMENT STORE, INC., et al., Respondents, et al., Defendants.— HERLIHY, J. P. The United States of America appeals from an order of the County Court of Greene County, which, in confirming the Referee's report in the surplus money proceeding, declined to accord priority to ·appellant's judgment lien in the distribution of surplus moneys incident to the mortgage foreclosure sale of certain real property owned by the judgment debtor, Bertha Martinelli. The judgment asserted by the appellant was docketed prior in time to those of the other lienors on March 29, 1949. The foreclosure sale of the judgment debtor's property was held November 10, 1958 and the Referee's report of sale was filed December 9, 1958. Pursuant to subdivision 1 of section 1082 of the Civil Practice Act (now, Real Property Actions and Proceedings Law, §§ 1351, 1354, 1355, 1362) on December 29, 1958 appellant filed a notice of claim to the surplus moneys resulting from the sale and on March 21, 1959 moved to confirm the report of sale and to have a Referee in the surplus money proceeding appointed. Subdivision 1 of section 1082, as applicable here, provides "A motion to confirm such report of sale shall not

be made within three months after the filing of the report and shall in any event be made not later than four months after the filing of such report ". The County Court, in holding the appellant's lien not enforcible, reasoned that to preserve the validity of the lien, the surplus money proceeding herein should have been commenced before the expiration of the 10-year statutory period for judgment liens upon real property (March 29, 1959) set forth in subdivision 1 of section 510 of the Civil Practice Act (now CPLR 5203, subd. [a], pars. 1, 5). The appellant's lien was valid and existing at the date of the foreclosure sale, and as such, was transferred to the surplus money proceeding. (*Nutt* v. *Cuming*, 155 N. Y. 309, 313.) Further, we find applicable section 515 of the Civil Practice Act (now, in part CPLR 5203, subd. [a], par. 2) which operates to extend the 10-year statutory period during the time a judgment creditor is stayed by express provision of law from enforcing a judgment and applicable to the three months' limitation imposed by subdivision 1 of section 1082. Order reversed, on the law, with $10 costs payable out of the proceeds of the sale. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.