JAMES T. COFFEY, JR., Plaintiff, *v.* EARL G. ROE et al., Defendants.

Supreme Court, Delaware County, February 27, 1967.

*Rapport & Rapport* (*Albert A. Rapport* of counsel), for Harry Moskowitz, claimant. *Rushmore, Mason, Marcus & Crocker* (*George Marcus* of counsel), for Hilda T. Roe, defendant. *Palmer J. Kennedy,* Referee.

JOHN M. KEANE, J. This is a motion to confirm the report of Palmer J. Kennedy, the Referee appointed in the surplus money proceeding following the sale in the foreclosure action.

The claimant, Harry Moskowitz, has moved that the report of the Referee be modified with respect to the judgment of the Upstate Loan Company, Inc. In the memorandum of law submitted, his counsel claims (1) costs in excess of $20, and (2) an allowance under CPLR 8303 (subd. [b]).

Of the parties in the proceeding, only Hilda T. Roe, one of the owners of the equity of redemption, appeared on the return of the motion. She opposes any modification of the Referee's report and the payment of motion costs in excess of $20.

It is undisputed that there is on record in the Delaware County Clerk's office a judgment taken by Upstate Loan Company, Inc. against Earl G. Roe and Hilda T. Roe on January 22, 1957 in the amount of $426.08. It is undisputed that this judgment is second in the priority of claims and can be paid in full. Harry Moskowitz demands payment of this judgment as assignee.

The Referee reported that the Upstate Loan judgment was not "legally and duly assigned to the claimant, Harry Moskowitz."

Counsel for Harry Moskowitz testified before the Referee concerning negotiations about the purchase of the judgment. A proposed assignment and a check for $125 were sent to the alleged successor in interest to Upstate Loan Company, Inc. Neither was returned. Silence does not indicate consent. Could it be that the holder of the judgment for $426.08 saw little to gain in a sale for $125? Particularly this could be the case when sufficient funds were later received on a foreclosure to pay it in full.

Harry Moskowitz contends no written assignment of the judgment is necessary. He cites *Manufacturers Trust Co.* v. *Rechtman* (239 App. Div. 517 [1933], affd. without opn. 264 N. Y. 639 [1934]) to support his position. At that time the relevant statute was found in section 533 of the Civil Practice Act which reads: "A person who has heretofore executed, or who hereafter executes, a *written* assignment of a judgment, wholly or partly for a sum of money or directing the payment of a sum of money, owed by him, without acknowledging the execution thereof, before an officer authorized to take the acknowledgment of a deed, must so acknowledge it at the request of his assignee or of a subsequent assignee thereof or of the judgment debtor, upon presentation of the assignment and payment of the officer's fees." (Emphasis added.) This statute referred to a *written* assignment. The court sustained the contention that an oral assignment was not prohibited.

Effective September 1, 1963, the Civil Practice Act was repealed. In the related legislation enacted by chapter 310 of the Laws of 1962, the substance of section 533 was rewritten and added to subdivision 2 of section 41 of the Personal Property Law. This change was effected at section 307 of chapter 310.

Subdivision 2 of section 41 as amended was repealed by chapter 576 of the Laws of 1963 and re-enacted without change as section 13-103 of the General Obligations Law effective September 27, 1964. The relevant portion of this section reads: '' A person who executes such a transfer without acknowledging his signature before an officer authorized to take the acknowledgment of a deed must so acknowledge it at the request of his assignee or of a subsequent assignee or of the judgment debtor upon payment of the officer's fees.'' Significantly the word '' written '' has been omitted. How can a person be required to acknowledge a transfer before the proper officer if no writing is in existence? The present language permits only a written transfer or assignment. Therefore, this court, relying on section 13-103, finds that an assignment of a judgment must be in writing and properly acknowledged if so requested.

The court treats the objection of Hilda T. Roe as a request for such acknowledgment. The conclusion of the Referee concerning the assignment is sustained.

Upon payment of the judgment, the judgment debtors are entitled to a satisfaction of judgment which can be recorded. In the present state of the records, Harry Moskowitz cannot give a valid satisfaction which would be acceptable for filing in the Delaware County Clerk's office.

This is a special proceeding. Although it arises out of an action to foreclose a mortgage, it is not a foreclosure action. Harry Moskowitz contends that he is entitled to $698.56, 5% of the fund to be distributed under CPLR 8303 (subd. [b]). Citation is made to Weinstein-Korn-Miller, N. Y. Civ. Prac. (vol. 8, par. 8303.24). His attention is called to paragraph 8303.25 of the same book where it appears that, even if the allowance were made, it should not exceed $50.

Since this is not an action in foreclosure and since it is not one of those proceedings where a special allowance can be made, costs will be fixed in the sum of $20.

The Referee shall be allowed $46.50 for stenographic services incurred for the hearing. His allowance is fixed at $300.

The order submitted shall direct that the amount payable upon the judgment docketed by the Upstate Loan Company, Inc. v. Earl G. Roe and Hilda T. Roe in the amount of $426.08 and the appropriate interest shall be retained by the Delaware County Treasurer subject to the further order of this court to determine the proper party for payment.

If no order is made directing payment to the Upstate Loan Company, Inc. or its assignee, evidenced by a written assignment, within 90 days from the entry of the order confirming

the report of the Referee, an order may be submitted directing payment of the funds equally to Earl G. Roe and Hilda T. Roe. I will retain jurisdiction of this matter. Notice for further application as to the payment of the money retained need be given only to counsel for Hilda T. Roe. As so modified, the report of the Referee is confirmed.