**In re Dempsey E. LUMPKINS and Elsie Lumpkins, Debtors.**

**Dempsey E. LUMPKINS and Elsie Lumpkins, Plaintiffs,**

**v.**

**APEX INCORPORATED, Defendant.**

**Bankruptcy No. 8000861.
Adv. No. 810016.**

United States Bankruptcy Court,
D. Rhode Island.

June 10, 1981.

John S. Brunero, Jr., West Warwick, R. I., for debtors.

Alfred G. Thibodeau, Providence, R. I., for defendant.

## ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The Debtors, Dempsey and Elsie Lumpkins, filed a joint Chapter 7 petition on November 12, 1980. In the present complaint they seek to avoid a judicial lien on the equity in their residence. The Defendant, Apex Incorporated, obtained judgment in the amount of $1,127.41 in the Fifth Division Court of the State of Rhode Island on May 29, 1980, and levied execution on the real estate on June 13, 1980. The parties agree that the residence qualifies as exempt property under Bankruptcy Code § 522(b), 11 U.S.C. § 522(b), and that the Debtors' total equity in their residence is less than $15,000.

Section 522(f) of the Bankruptcy Code provides that "the debtor may avoid the fixing of a [judicial] lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [§ 522(b)]."

Apex argues that those courts which have held that judicial liens which impair exemptions may be avoided even if the liens were "fixed" more than 90 days before the bankruptcy petition was filed, *see, e. g., Naples v. London* [1980] CCH Bankr.L.Rptr. ¶ 67,- 422 (D.Conn.); *Butler v. General Electric Credit Corp.*, 5 B.R. 360, 6 BCD 768 (Bkrtcy. D.Md.1980), are wrong. Rather, Apex reads § 522(f) as allowing the debtor to avoid only those liens placed against exempt property within ninety (90) days of the filing of the petition.

Apex's argument, as best the Court can understand it, is based on the phrase "the fixing of a lien" in § 522(f). According to Apex, if all judicial liens on exempt property are avoidable by the debtor regardless of when they become "fixed," then the insertion of the phrase "the fixing of" is redundant. These words were added, Apex asserts, in order to limit the debtor's avoiding powers to the scope of the avoiding powers granted to the trustee. Therefore, § 522(f) should not be available to avoid liens placed against exempt property more than 90 days before the petition was filed, the same period available to the trustee under § 547(b).[1]

■ Apex, however, offers no authority to support its contention that the § 522 time parameters should be equated with those of § 547. Neither § 522(f) nor its legislative history indicate that it is limited in a manner similar to § 547(b). Its intent is in no way related to § 547(b). Section 547(b) allows avoidance by the trustee of preferential transfers made within the ninety-day period preceding the filing of a bankruptcy petition during which there is a presumption of insolvency. This is to deter "the race of diligence" of creditors to dismember the debtor before the bankruptcy court can ensure equality of distribution among the members of the same creditor class. H.R.Rep. No. 595, 95th Cong., 1st Sess. 178 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787. Section 522(f), on the other hand, protects the interest of debtors. In order to assist and to promote the "fresh start" concept, § 522(f) allows the debtor to avoid liens and certain security interests on his or her otherwise exempt property, and there is no need for a 90–day period, as in § 547. Congress has established that if certain property comes within the debtor's

1. Section 547(b) provides that

   ... the trustee may avoid any transfer of property of the debtor—

    (1) to or for the benefit of a creditor;

    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3) made while the debtor was insolvent;

    (4) made—

  (A) on or within 90 days before the date of the filing of the petition;

   ...; and,

    (5) that enables such creditor to receive more than such creditor would receive if—

  (A) the case were a case under Chapter 7 of this title;

  (B) the transfer had not been made; and

  (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

exemptions, that property is necessary for a "fresh start," regardless of when the lien was "fixed."

 Apex cites *Bush Gardens, Inc. v. United States,* 10 B.R. 506, 5 BCD 1023 (Bkrtcy. D.N.J.1979), to support the proposition that when a creditor obtains a lien against a debtor's real estate more than 90 days before the filing of a bankruptcy petition, the creditor has acquired certain property rights in the real estate which may not be defeated by § 522(f). Apex's reliance on this case is totally misplaced. *Bush Gardens* construes § 6331(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 6331(a), not § 522(f) of the Bankruptcy Code, and Apex emphasizes certain aspects of the decision while ignoring important points that clearly distinguish that case. The plain language of the Court in *Bush Gardens* removes that decision from any applicability to the instant case.

> This decision is limited to a pre-filing levy by the Internal Revenue Service. The Third Circuit has stressed that the statutory levy in favor of the government "is substantially broader in scope than anything known to the common law." The statutory purpose of such a broad power is to protect the flow of revenue to the government. No opinion is expressed with respect to a pre-filing seizure by a secured party under Article 9 of the Uniform Commercial Code or a pre-filing levy to enforce a judgment in favor of a private party.

10 B.R. at 512, fn. 16, 5 BCD at 1026, fn. 16 (citations omitted).

Apex's objection is without merit, and the Debtors' complaint to avoid Apex's lien is granted.