■ FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ROCHESTER, Plaintiff, v ROBERT N. BROWN et al., Defendants, and BARBARA B. BROWN, Appellant, and VIRGINIA M. DELLINGER, Doing Business as DELLINGER ART AND ANTIQUES, Respondent. — Order unanimously affirmed, with costs. Memorandum: Respondent Dellinger seeks to enforce a money judgment against surplus money which resulted from a mortgage foreclosure sale. The judgment was obtained prior to the filing of a bankruptcy petition by appellant Brown, the owner of the equity of redemption, who claims the surplus money as exempt under the Bankruptcy Code (US Code, tit 11, § 522, subd [d], par [1]). The filing of a bankruptcy petition operates as an automatic stay of "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case" (US Code, tit 11, § 362, subd [a], par [2]). Brown argues that the surplus money proceeding (RPAPL 1361) should be stayed because the surplus money is the "property of the estate." The "[p]roperty of the estate" is comprised solely of the "legal or equitable interests" of the bankrupt (US Code, tit 11, § 541, subd [a], par [1]) and does not include property in which the bankrupt has no interest (see *Mid-Jersey Nat. Bank v Fidelity-Mtge. Investors*, 518 F2d 640; *Compton v Birnie Trust Co.*, 76 F2d 639). It includes only the debtor's equity in property which has been the subject of foreclosure proceedings (see *Matter of Bain*, 527 F2d 681; see, also, *Matter of Freed & Co.*, 534 F2d 1235). When this case was previously before us we held that "[s]urplus money realized upon a foreclosure sale is not a general asset of the owner of the equity of redemption but stands in place of the land for all purposes of distribution among persons having vested interests or liens upon the land." (*First Fed. Sav. & Loan Assn. of Rochester v Brown*, 78 AD2d 119, 123, app dsmd 53 NY2d 939.) Brown's bankruptcy estate includes an interest in the surplus money only to the extent that there is a balance remaining after the liens on such surplus money have been ascertained and paid. The interest of the bankrupt's estate in the surplus money, if any, does not ripen until the surplus money proceedings have been completed. (Appeal from order of Supreme Court, Onondaga County, Hayes, J. — foreclosure.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.