**In re Robert N. BROWN and Barbara Bex Brown, Debtors.**

**Barbara Bex BROWN, Plaintiff,**

**v.**

**Virginia M. DELLINGER, Individually and d/b/a Dellinger Art & Antiques, Defendant.**

**No. 83–CV–46.**

United States District Court, N.D. New York.

June 3, 1983.

---

Smith, Sovik, Kendrick, Schwarzer & Sugnet, P.C., Syracuse, N.Y., for plaintiff; Laurence F. Sovik, Syracuse, N.Y., of counsel.

Harold F. Simons, Hamilton, N.Y., for defendant; William L. Burke, Hamilton, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

This is an appeal from a decision of the Bankruptcy Court, Leon J. Marketos, Bankruptcy Judge, declaring that the Bankruptcy Court has exclusive jurisdiction over surplus funds from a pre-petition mortgage foreclosure of the debtor's property. On February 26, 1982, the Appellate Division of New York State Supreme Court, Fourth Department, held that the funds were not property of the estate and that the bankrupt had no interest in them. Judge Marketos disagreed with the Appellate Division and found that despite her lack of equity in the funds, plaintiff nevertheless had an "interest" in the surplus monies within the meaning of the Bankruptcy Reform Act of 1978. See 11 U.S.C. § 541 (Supp. III 1979). Defendant Dellinger argues simply that the funds were deposited with the Onondaga County Commissioner of Finance before the debtor filed her petition. Therefore, the funds could not become part of the estate.

In order to place this proceeding in context, a brief review of the facts is required. On September 19, 1978, defendant Dellinger took a judgment against plaintiff in the amount of $1,710.15. This judgment, presumably arising out of Dellinger's business as an antiques dealer, was duly docketed in the Onondaga County Clerk's Office and became a lien upon the real property of plaintiff. Following plaintiff's default on her home mortgage payments, the First Federal Savings and Loan Association of Rochester foreclosed on plaintiff's mortgage in September of 1979. Thereafter, the property was sold on February 20, 1980.

As a result of the sale of plaintiff's property, a surplus of $8,667.02 was created. Pursuant to New York State law, this money was deposited with the Onondaga County Commissioner of Finance. On March 20, 1980, plaintiff filed a notice of claim to the surplus funds and on April 3, 1980 filed a joint petition with her husband for relief under Chapter 7 of the Bankruptcy Code. After an unsuccessful attempt to obtain the surplus funds in the state courts, plaintiff was allowed to amend her petition in the Bankruptcy Court to switch from the state to the federal homestead exemptions.

On June 15, 1981, defendant obtained an order from the New York State Supreme Court appointing a referee to decide the proper distribution of the surplus funds.

Plaintiff appealed this decision contending that the appointment of a referee violated the Bankruptcy Court's exclusive jurisdiction over the debtor's property and that such order similarly violated the automatic stay provisions of the Bankruptcy Code. Finally, on February 26, 1982, the Appellate Division affirmed the lower court's order appointing a referee, holding that:

> Brown's bankruptcy estate includes an interest in the surplus money only to the extent that there is a balance remaining after the liens on such surplus money have been ascertained and paid. The interest of the bankrupt's estate in the surplus money, if any, does not ripen until the surplus money proceedings have been completed.

*First Fed. Sav. & Loan Ass'n of Rochester v. Brown*, 86 A.D.2d 963, 448 N.Y.S.2d 302, 303 (4th Dep't 1982). As noted above, Judge Marketos disagreed with the Appellate Division and found that plaintiff did have an "interest" in the funds within the meaning of the Bankruptcy Code. *See In re Brown*, 22 B.R. 844 (Bkrtcy.N.D.N.Y. 1982).

Defendant principally relies on *City of Utica v. Gold Medal Packing Corp.*, 52 Misc.2d 968, 277 N.Y.S.2d 543 (Sup.Ct., Oneida Co.1967), for the proposition that where a valid lien exists prior to the filing of a petition, the Bankruptcy Court is without jurisdiction to enjoin enforcement of that lien. *Id.* at 973, 277 N.Y.S.2d at 550. The *Gold Medal Packing* case is distinguishable on two basic grounds. Unlike the case at bar, the *Gold Medal Packing* case did not involve a claim of exempt property. Moreover, *Gold Medal Packing* was decided prior to the enactment of the "new" Bankruptcy Code with its expansive definition of the property of an estate. *See* 11 U.S.C. § 541(a)(1).

In this Court's view, the key issue to be determined is whether plaintiff had any "interest" in the surplus funds at the time her petition in bankruptcy was filed. 11 U.S.C. § 541(a)(1) provides that the estate of a bankrupt shall be comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." As a general proposition, the debtor need not have equity in the property to have an "interest." Moreover, there is authority to indicate that even where the debtor's equity in property is less than the liens or mortgages that encumber it, the debtor still has an "interest" in that property under section 541(a)(1). *See, e.g., In re Chesanow*, 25 B.R. 228 (Bkrtcy.D.Conn. 1982); *In re Lovett*, 11 B.R. 123 (D.C.W.D. Mo.1981), *vacated on other grounds*, 23 B.R. 760 (D.C.W.D.Mo.1982); *In re Cole*, 15 B.R. 322 (Bkrtcy.W.D.Mo.1981); *In re Lumpkins*, 12 B.R. 44 (Bkrtcy.D.R.I.1981); *In re Kursh*, 9 B.R. 801 (Bkrtcy.W.D.Mo. 1981) (collecting cases).

In the present case, it is undisputed that Dellinger had a superior lien on the money. Nevertheless, Brown did have some equitable interest in the remaining funds once all of her creditors were paid off. For example, if Dellinger chose not to enforce her lien, then the money would have gone to Brown. Therefore, the Court agrees with Judge Marketos that plaintiff possessed an "interest" in the surplus funds on the date her petition was filed. Accordingly, it is hereby

ORDERED, that the decision of the Bankruptcy Court dated August 27, 1982 is affirmed in all respects.