## Joseph Elia, Plaintiff in Error, v. Frank Bavuso, Defendant in Error.

### Gen. No. 23,434.

1. EXECUTION, § 113*—*when may not be recalled or quashed.* The County Court had no power, right or jurisdiction to recall or quash an execution issued on its judgment in favor of defendant on a set-off, notwithstanding a subsequent judgment in the Municipal Court for the same amount on garnishee process against the plaintiff and in favor of the defendant for the use of another.

2. EVIDENCE, § 112*—*what is best evidence of judgment.* A judgment cannot be proven by the affidavit of one who has examined the record, the best evidence being a certified copy thereof, and, when same is available, secondary evidence is excluded.

3. EXECUTION, § 114*—*when notice to adverse party of motion after is essential.* A court has no jurisdiction to enter an order after judgment quashing an execution, upon motion, without notice to the adverse party.

4. APPEARANCE, § 10*—*what does not constitute for client.* The filing of a petition claiming an attorney's lien upon a judgment in favor of a client and notice thereof to the judgment debtor cannot be construed as an appearance for the client but for the attorney's individual interest, on motion by the debtor to quash execution issued on the judgment.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Elia v. Bavuso, 209 Ill. App. 113.

Error to the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed December 17, 1917.

A. G. DICUS, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This writ of error is undefended. The defendant in error is, it is said, in Italy and an attempt to give him notice of this proceeding has failed, the notice having been returned undelivered.

This cause brings before us for review an order of the County Court of this county denying a motion to recall and quash the execution sued out upon a judgment for $150 rendered in this cause on June 17, 1916, in favor of Bavuso, the defendant in a claim of set-off, and against Elia, the plaintiff in the suit.

The ground upon which the motion was made to recall and quash the execution is stated, in an affidavit of one A. G. Dicus, the counsel of record for plaintiff in error in this writ of error, to be that on June 20, 1916, a garnishee summons was sued out of the Municipal Court of Chicago entitled "Frank Bavuso for use of *Morris Katz v. Joseph Elia*"; that said summons was served upon Elia, and that such proceedings were thereafter had that on June 26, 1916, a judgment for $150 and costs was rendered in favor of Bavuso for the use of Morris Katz, Elia having answered in the garnishee case that he was still indebted on the judgment, *supra*. Of this proceeding in the County Court upon the motion to quash, no notice was given to or received by Bavuso. However, Bavuso's attorneys, Wyman, Kinne & Carpenter, filed a petition claiming an attorney's lien upon said judgment for their fees, which they set forth were reasonably worth the amount of the judgment, and that notice of such

claim of lien was served upon Elia.   One Wiley Stone made affidavit that he had examined the records and files in the Municipal Court in the alleged garnishee suit of Bavuso for the use of *Katz v. Elia,* that the garnishee summons issued was served on Elia, June 21, 1916, and that no appearance by Elia was entered prior to the last-mentioned date, as shown by the files and proceedings in that suit.

Counsel has failed to refer this court to any case supporting their contention that the County Court had power, right or jurisdiction to recall or quash the execution issued on its judgment in favor of Bavuso and against Elia, and we are not cognizant of any case or any law that would have warranted the court in entering an order to recall and quash the execution. The garnishee judgment in the Municipal Court, if there was such a judgment, in no way superseded the judgment in the County Court, nor in any way affected its validity.   Even conceding that both judgments were for the same amount would not affect the County Court judgment.   Furthermore, there is no legal evidence in the record that there is any judgment in the Municipal Court as alleged.   A judgment cannot be proven by the affidavit of one who has examined the record, the best evidence being a certified copy thereof, and when the best evidence is available secondary evidence is excluded.   Moreover, we doubt whether the order denying the motion to quash the execution is appealable.   The motion being made after the judgment was entered, the jurisdiction of the court to enter any order thereafter had in any event ceased, without the giving of notice of such motion to Bavuso. No such notice was given.  Bavuso's attorneys having become hostile to him, their appearance cannot be construed to have been for their client, but for their own individual interest, which was hostile to that of their client.

It is contended that Wiley Stone appeared for Bavuso as his attorney.   There is nothing in his affi-

davit or in the record which shows that Stone was an attorney at law or appeared for Bavuso, and his affidavit is antagonistic to Bavuso's interests. On the contrary, the petition of Wyman, Kinne & Carpenter affirmatively shows that they were the attorneys of Bavuso in the County Court suit, and an affidavit of Vincent D. Wyman of said firm verifies this fact. In their brief counsel say: ''The defendant, Frank Bavuso, appeared upon the hearing of said motion by his attorney and practically admitted that the affidavit setting forth the judgment of the Municipal Court was correct.'' Both the abstract and the record fail to sustain this statement. Nor does it appear, either from Stone's affidavit or in any other part of the record, that Stone was the agent and attorney for Bavuso, as stated in counsel's brief. For aught the record shows to the contrary, the motion before us may have been denied for lack of the court's jurisdiction of Bavuso, who neither appeared by counsel nor was given notice of such motion. The record is somewhat devious from an ethical and professional standpoint.

The order of the County Court denying the motion to recall and quash the execution was right and is affirmed.

*Affirmed.*