W. F. Holmes, Appellant, v. Wauneta Fanyo, Appellee.
Gen. No. 10,031.

Heard in this court at the May term, 1945. Opinion filed October 22, 1945. Released for publication November 12, 1945.

CLYDE E. MITCHELL, of La Salle, for appellant.

SAUM & NELSON and A. FRED KENDALL, all of Watseka, for appellee.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

The question in this case is whether, when an execution is stayed on the motion of an intervening third party having an interest in the judgment, and the stay remains in effect until the 7th anniversary of the date when the judgment was entered, an alias execution can be issued on the judgment when the stay order is vacated, and a levy made on real estate of the judgment debtor. The question is presented by an appeal from an order of the circuit court of Iroquois county quashing a levy under such an alias execution, recalling the execution, and discharging the real estate levied on from the lien of the judgment.

The facts are as follows: On September 13, 1937, appellant procured a judgment by confession against appellee in the sum of $1,144.42 and costs of suit, on a promissory note executed by her, and on the same day an execution was issued and delivered to the sheriff, by whom it was personally served on appellee on September 20, 1937.

The record shows the following order of the court: "On this 2nd day of October A. D. 1937, on motion of Iroquois Farmers State Bank they are given leave to intervene in this cause and to file answer and cross-complaint, and it is ordered that the execution be stayed until the further order of this Court."

On October 9, 1937, the bank filed its intervening petition claiming an interest in the judgment, and asking that the same be amended to protect its interest, and on December 13, 1937, the original execution was returned by the sheriff "no part satisfied." No further action was taken in the matter until September 9,

1944, when, on appellant's motion to strike the intervening petition, and for issuance of an alias execution, the hearing on the motion was set for September 13, 1944, and on the latter date, pursuant to a stipulation between appellant and the bank setting out their respective interests in the judgment, the intervening petition was dismissed, the stay order was vacated and an alias execution was ordered to be issued, and was issued and delivered to the sheriff, who personally served the same on appellee on October 3, 1944, and on November 24, 1944, made a levy on certain real estate belonging to her. On December 9, 1944, appellee filed her motion to quash the levy and to stay further proceedings thereon, resulting in the order from which this appeal is prosecuted.

The pertinent portions of the Act relating to Judgments, Decrees and Executions, (Ill. Rev. Stat. 1943, ch. 77 [Jones Ill. Stats. Ann. 107.151 *et seq.*]), provide:

Section 1. "As to real estate . . . a judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained, situated within the county for which the court is held, from the time the same is rendered or revived, for the period of seven years, and no longer."

Section 2. "When the party in whose favor a judgment is rendered is restrained, by injunction out of chancery, or by appeal, or by the order of a judge or court, or is delayed, on account of the death of the defendant, either from issuing execution or selling thereon, the time he is so restrained or delayed shall not be considered as any part of the time mentioned in sections 1 or 6 of this act."

Section 6. "No execution shall be issued upon any judgment after the expiration of seven years from the time the same becomes a lien, except upon the revival of the same by scire facias; but real estate, levied upon within said seven years may be sold upon a venditio rei (Venditioni) exponas, at any time within one year after the expiration of said seven years."

Appellant relies upon section 2 of the above statute, and also claims that the alias execution was issued within the statutory seven-year period. Appellee urges: (1) That the execution was issued after the seven-year period expired: (2) that the levy was made after the judgment had ceased to be a lien; (3) that the order staying the execution was void because issued without notice to her or her attorneys, and because the motion for stay was not made by a party to the case, but was made by a stranger. In support of the third ground she invokes section 70 of the Civil Practice Act. (Ill. Rev. Stat. 1943, ch. 110, par. 194 [Jones Ill. Stats. Ann. 104.070]) which provides:

"A party intending to move, to set aside or quash any execution, bond or other proceeding, may apply to the court or to the judge at his chamber for a certificate (and which the said judge may, in his discretion, grant) certifying that there is probable cause for staying further proceedings until the order of the court on the motion, and a service of a copy of the certificate at the time of, or after the service of the notice of the motion, shall thenceforth stay all further proceedings accordingly. But in no case shall the judge grant such certificate, . . . unless the applicant shall have given notice of such motion to the opposite party, or his attorney of record, if they or either of them can be found in the county from which the writ issues."

While appellee claims that the bank's motion was only for leave to intervene, and did not ask for a stay of the execution, she states in her brief that the motion for a stay was apparently oral as no such written motion appears in the record. She thus tacitly admits that the bank did ask for a stay order, furthermore her claim is refuted by the order of October 2, 1937, which indicates that the portion thereof staying the execution was entered on motion of the bank.

Her contention that the bank was not a party to the case, is likewise without merit. It was a party of record as intervening petitioner, by leave of court,

claiming part ownership of the judgment, which ownership was admitted by the stipulation between it and appellant. The bank therefore was not a stranger to the record, as urged by appellee. Section 70 of the Practice Act by the words "or other proceeding," clearly includes the judgment, and if the applicant is part owner of the judgment, and is a party to the record as intervening petitioner, as is the case here, he is a party within the meaning of said section 70. The order of October 2, 1937, indicates that the bank was made a party as intervenor before the stay order was granted, and there is nothing in the order which tends to show that the motion for a stay order was made before the court allowed the motion to intervene. The presumption is, in the absence of a showing to the contrary, that the court did its duty, that the proceedings were regular, and that the legal requirements were complied with. (*Jeffries v. Alexander*, 266 Ill. 49, 53; *Welch v. Sykes*, 3 Gilm. 197, 200; *People v. Gazelle*, 299 Ill. 58, 66; *People v. Bain*, 358 Ill. 177, 186.) Cases relied upon by appellee such as *Burnham v. Roth*, 244 Ill. 344, 352, and *Bonnell v. Neely*, 43 Ill. 288, 290, holding that a stranger to the record cannot try his title or his rights by means of the summary remedy by motion, provided for by sections of the statute, which was replaced by section 70 of the Civil Practice Act, are not applicable here. The bank's part ownership of the judgment was not sought to be tried on a motion, either by it as a stranger or otherwise, but upon its intervening petition in the cause to which it was a party.

The section of the Civil Practice Act relied upon by appellee relates only to motions to set aside or quash the execution, with an incidental stay pending the hearing on the motion, whereas, the motion in this case was not to set aside or quash the execution, but was only for a stay thereof. We further observe that there is no showing in the record that the stay order was

granted without notice to appellee, or her attorneys, as claimed by her, and which notice she also claims was necessary under section 70 of the Civil Practice Act. Under the presumption of regularity, above mentioned, appellee is not in any position to claim that neither she nor her attorneys were not notified of the bank's motion. Furthermore, the granting of the motion could not adversely affect her rights in any manner. Her liability was for the amount of the judgment and costs. Whether the bank participated in the distribution of that amount would not increase or affect her liability. The only party that could be affected was appellant. The statute mentions only one ''opposite party'' to whom notice is required to be given, and we are of the opinion that even if section 70 of the Civil Practice Act is applicable, that appellant only is ''the opposite party'' to whom the statute refers. Whether he was notified, (and under the rule it is presumed that he was), could be of no concern to appellee. Appellant is not complaining of a want of notice to him, and appellee is not entitled to complain of anything which does not affect her rights. *Dazey v. Orr,* 1 Scam. 535, and *Elia v. Bavuso,* 209 Ill. App. 113, relied upon by appellee, holding that it is necessary for a judgment debtor to give notice to the judgment creditor of a motion to quash an execution, are not in point. In the case at bar the court had jurisdiction of the subject matter and it must be presumed that it had jurisdiction of the necessary parties. The record does not show that the order granting the bank's motion for a stay was even erroneous, and hence appellee's contention that it was void is without merit. On the contrary, under the record presented, we must presume that the statute was complied with, and that the order staying the execution was legally in effect until it was vacated on September 13, 1944.

This leaves for consideration the effect of sections 1, 2 and 6 of the statute relating to Judg-

ments, Decrees and Executions. It is a familiar and elementary rule of statutory construction that in construing a statute all of its provisions must be construed together, and effect given to every part of it, if possible. (*Haberer & Co. v. Smerling,* 307 Ill. 191, 196; *Consumers Co. v. Industrial Commission,* 364 Ill. 145, 149), and the court must take the words found in the statute in their ordinary and usual meaning. (*Illinois Cent. R. Co. v. Village of South Pekin,* 374 Ill. 431, 434.) Section 1 and section 6 of the statute in controversy were so construed together in *Dobbins v. First National Bank,* 112 Ill. 551, 560, and under the rule section 2 must be construed with sections 1 and 6. Under these three sections it cannot be doubted that the legislature intended that ordinarily the lien of a judgment continues from the time it is rendered for seven years and no longer, (*Rawlins v. Launer,* 369 Ill. 494, 496), but if the judgment creditor be restrained during that period from collecting his judgment, then the lien continues after the seven-year period for a period equal to the period of restraint, and section 2 has the same effect as if it were embodied in each of sections 1 and 6 as an exception to their other provisions. Giving effect, as we must, to the plain, unambiguous provision of section 2 that where the judgment creditor is restrained by an order of court, the time he was so restrained shall not be considered as any part of the time mentioned in sections 1 or 6, the conclusion is inescapable that the lien of the judgment was still in effect when the alias execution was issued and when the levy under it was made. (*Wenham v. International Packing Co.,* 213 Ill. 397, 402–403; *Hier v. Kaufman,* 134 Ill. 215, 226–227; *Kline v. Marty,* 171 Ill. App. 495.) The original execution having been returned the alias execution was properly issued. The order of the circuit court quashing the levy, recalling the alias execution, and discharging the property levied on from the lien of the judgment was therefore wrong. This con-

clusion makes it unnecessary to consider the other questions argued.

The order of the circuit court is reversed and the cause is remanded with directions to vacate the order and to deny appellee's motion.

*Reversed and remanded with directions.*