[No. 1004-2. · Division Two. April 17, 1974.]

WEYERHAEUSER PULP EMPLOYEES FEDERAL CREDIT UNION, *Appellant, v.* A. L. DAMEWOOD *et al., Respondents.*

*John A. Barlow* and *Walstead, Mertsching, Husemoen, Donaldson & Barlow,* for appellant.

*Jess E. Minium, Jr.,* for respondents.

PETRIE, J.—The issue presented by this appeal is whether or not, under the factual circumstances existing herein, the life of a judgment lien ceased to exist 6 years from the date of entry of the judgment as provided by RCW 4.56.210.[1] We hold that the lien did cease to exist within the 6-year period.

On November 7, 1966, plaintiff obtained a judgment in Lewis County Superior Court against defendants, leaving a balance owing of $2,581.16 plus interest. In December 1971, plaintiff levied upon real property of the defendants which they were buying under contract. The sheriff of Lewis County set December 31, 1971, as the date of the sale.

On December 23, 1971, the defendants, having filed a "Cross-Complaint for Injunction," obtained an ex parte temporary restraining order, restraining the pending execution sale. The "Cross-Complaint for Injunction" alleged alternatively: (1) that the judgment debt had been discharged in 1969 through bankruptcy proceedings of which the plaintiff had notice; and (2) that the defendants had filed a Declaration of Homestead on October 29, 1969,[2]

---

[1]RCW 4.56.210 provides:

"After the expiration of six years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor, and no suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment, except as in RCW 4.56.225 provided."

[2]There is an unexplained inconsistency in the record regarding the date defendants filed their Declaration of Homestead. The agreed statement of facts indicates the date was August 15, 1964, but the cross complaint asserts, defendant admits, and the trial court found, that the date of filing was October 29, 1969.

14

claiming the property upon which plaintiff had taken execution, and no appraisal of said property had been made as provided by RCW 6.12. Plaintiff denied the judgment had been discharged by any bankruptcy proceedings, but admitted that no appraisal of the property had been made.

After a hearing (held on May 30, 1972) on defendants' objections to plaintiff's execution on the judgment, the trial court entered findings on November 20, 1972, which declared (1) that the plaintiff did not have notice, actual or constructive, of the defendants' bankruptcy proceedings sufficient to discharge the judgment; and (2) that defendants had filed a Declaration of Homestead on October 29, 1969. Pursuant to these findings and appropriate conclusions derived therefrom, the court entered an "Order of Dismissal" on November 20, 1972, which ordered:

1. The Plaintiff be, and it hereby is, entitled to proceed with its levy and execute upon Defendants' real property.
2. The Defendants' temporary restraining order shall continue in effect until the requirements of R.C.W. 6.12, as they relate to appraisal, have been completed and it appears to the court that value exists in excess of the Defendants' Declaration of Homestead.

On February 8, 1973, the court entered an "Order of Dismissal" which (1) denied plaintiff's motion for division of property pursuant to RCW 6.12.220[3] and (2) permanently enjoined the plaintiff from taking "any further action to enforce its judgment of November 7, 1966." Plaintiff has appealed to this court from this latter order.

 We begin our analysis with the observation that the lien of a judgment of a superior court for the county in which the judgment debtor's realty is situated commences

---

[3]RCW 6.12.220 provides:

"If, from the [appraisers'] report, it appears to the court that the land claimed can be divided without material injury the court must, by an order, direct the appraisers to set off to the claimant so much of the land including the residence, as will amount in value to the homestead exemption, and the execution may be enforced against the remainder of the land."

to run from the time of the entry of the judgment. RCW 4.56.200(1). After the expiration of 6 years from the date of entry, the judgment ceases to be a lien. RCW 4.56.210. Indeed, there can be no valid execution on the judgment unless every act necessary for a completed execution sale (including judicial confirmation of the sale) occurs during that 6-year period. *Ferry County Title & Escrow Co. v. Fogle's Garage, Inc.*, 4 Wn. App. 874, 484 P.2d 458 (1971). An exception to the 6-year life of a judgment lien was judicially recognized, under limited circumstances, when the regular life of the lien expired during the time an injunction, which was subsequently dissolved, had been kept in force. *Hensen v. Peter*, 95 Wash. 628, 164 P. 512 (1917). Plaintiff contends it comes within the ambit of this exception.

The nature of the exception, the reasons for recognizing its existence, and the limitations upon its use, are best stated by the court itself:

It merely declares that one shall not, by waging unfounded litigation, be rewarded at the expense of his unwilling opponent. It is based upon the equitable principle that a party will not be permitted to avail himself of an unconscientious advantage obtained by his own wrongful act and without fault on the part of his adversary. It is sustained by the wholesome consideration that a party should not be permitted to profit by the abuse or misuse of legal process or by imposing upon judicial tribunals litigation without merit. It is also fortified by that sound public policy which sets its face against putting a premium upon unrighteous and vexatious litigation commenced and prosecuted by a party for the ulterior purpose of obtaining by indirection an advantage which in equity and good conscience he is not entitled to enjoy.

*Hensen v. Peter, supra* at 637.

In the case at bench, when the judgment debtor was faced with a pending judicial sale of his property, he sought a restraining order on two alternative grounds: (1) the debt had been discharged in bankruptcy; and (2) the judgment creditor was attempting to effect a sale of the debtor's homesteaded property without having complied

with the statutory requirements. Upon trial, the court found the first alternative invalid, but found merit in the second alternative. Accordingly, the court did not dissolve the restraining order. Instead, the order was continued in effect until the creditor complied with the requirements of RCW 6.12 insofar as they pertain to sale of homesteaded property.

We perceive the creditor's real position to be that, because it ultimately did comply with all of the requirements of RCW 6.12 pertaining to the sale of homesteaded property, the trial court should have dissolved the restraining order and should have granted the creditor's motion for division of the property pursuant to RCW 6.12.220 despite the intervening event of the otherwise timely demise of the lien.

In our opinion, the judgment died a natural death and the resuscitative force was too weak to breathe new life into it. The essence of the exception, which gives life to a judgment lien beyond the normal 6-year period, is that the judgment debtor waged "unfounded litigation," took "unconscientious advantage" by a wrongful act "without fault of the adversary," profited by "abuse or misuse of legal process," or engaged in "unrighteous and vexatious litigation." The exception obviously has extremely limited application.

More than 10 months before the lien ceased to exist, the judgment debtor advised the judgment creditor that the debt had been discharged through bankruptcy and that he had claimed a homestead exemption on the property upon which the creditor levied execution. Although the court later determined that the notice given in the bankruptcy proceedings was insufficient to discharge the debt, the record does not reflect other than the debtor had reason to believe in good faith that the debt had been extinguished. In any event, more than 5 months before the lien expired the insufficiency of the notice had been judicially ascertained and the creditor knew that it could proceed with an execution sale of the property levied upon only by comply-

ing with RCW 6.12—a fact, incidentally, of which it had been put on notice at least 2 years prior to death of the lien.

We see no reason whatsoever to grant any extension to the ordinary life of the lien.

Judgment affirmed.

PEARSON, C.J., and ARMSTRONG, J., concur.