[No. 15108-1-II. Division Two. July 30, 1993.]

*In the Matter of the Marriage of* FLORENCE L. WINTERMUTE, *Appellant, and* LESLIE J. WINTERMUTE, *Respondent.*

*James M. Caraher* and *Caraher & Associates,* for appellant.

*Scott Candoo,* for respondent.

SWANSON, J.[*] — Florence L. Wintermute, who was awarded the family home in a 1981 dissolution decree, appeals an order enforcing a lien against the home created by the decree in favor of her former husband, Leslie J. Wintermute. Florence contends that the decree was a judgment whose terms had to be enforced within 10 years pursuant to RCW 6.17.020, or be barred. She also takes the position that the period prescribed in RCW 4.56.210 for enforcement of judgment liens had expired by the time Leslie sought to enforce his lien. We disagree and affirm the order enforcing the lien.

Florence and Leslie Wintermute were divorced in Pierce County by a decree of dissolution entered January 20, 1981. The decree gave Florence custody of the parties' children, ages 12 and 8, and awarded the family home to Florence, subject to:

> a lien to [Leslie] in the amount of $12,000 at 8% to be paid in 8 years from the date of the entry of the Decree of Dissolution herein, or upon the sale of the home and real property, with the provision that should the petitioner [Florence] desire to sell the home and real property and if she receives a bona-fide offer that respondent [Leslie] shall have first right of refusal.

Florence disregarded the order to pay the lien within 8 years. On March 19, 1991 — some 10 years and 2 months

---

[*]Judge Herbert A. Swanson is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

after the decree, Leslie moved for Florence to show cause why the lien should not be paid and a receiver appointed "to take charge of this real property and to immediately list and sell this property." A superior court commissioner heard the matter and granted Leslie relief, ordering Florence to list the property for sale within 30 days; if she failed to do so, the court declared that a receiver would be appointed. Florence moved to revise the order, citing RCW 4.56.190-.210, RCW 4.16.020,[1] and RCW 6.17 as defenses to enforcement of the lien. A superior court judge denied the motion to revise, and this appeal followed.

In this appeal, Florence focuses her defense on RCW 6.17-.020(1),[2] which provides that a party holding a judgment may execute upon it "at any time within ten years from entry of the judgment"; and upon RCW 4.56.210(1), which provides in part:

> after the expiration of ten years from the date of the entry of any judgment . . . rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor. No suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien shall be extended or continued in force for any greater or longer period than ten years.

This statute is not a true statute of limitations; it creates a lien right for a definite length of time. *Hutton v. State,* 25 Wn.2d 402, 407, 171 P.2d 248 (1946); *Grub v. Fogle's Garage, Inc.,* 5 Wn. App. 840, 491 P.2d 258 (1971). Because a judgment lien is a creature of statute, such a lien terminates when the statute says it does. *Grub,* at 842-43. According to Florence, the trial court avoided the effect of this statute by ruling that the decree did not constitute a judgment within the scope of RCW 6.17.020, since the decree effectively stayed enforcement of the lien until 8 years had elapsed after judgment. Because of a skimpy record, we cannot tell whether

---

[1] RCW 4.16.020 is a statute of limitations that Florence does not mention on appeal.

[2] Her brief refers to RCW 6.17.070, but that is clearly a typographical error.

744

this characterization of the trial court's rationale is correct.[3] Nonetheless, we can affirm the trial court on any theory established by the pleadings and supported by the proof. *Hein v. Taco Bell, Inc.*, 60 Wn. App. 325, 332, 803 P.2d 329 (1991).[4]

The question before us appears to be one of first impression in Washington but it can be stated simply: Did the decree create a lien that was payable within 8 years yet enforceable only within 10 years of the date of the decree, or did the 10-year period for enforcing the lien begin to run *only when the payment deadline arrived? We hold it was the latter.*

■ The decree of dissolution attempted to distribute the marital property equitably, yet preserve the family home for Florence and the children during their minority. Thus, the trial court awarded the home to Florence and a compensating sum of $12,000 to Leslie. This kind of equalization derives from the ancient doctrine of owelty, *Hartley v. Liberty Park Assocs.*, 54 Wn. App. 434, 437, 774 P.2d 40, *review denied*, 113 Wn.2d 1013 (1989), and is authorized by statute, RCW 7.52-.440.[5] A judgment for owelty creates an equitable lien on the

---

[3]We have no way of ascertaining the reasons underlying the trial court's decision because we have not been furnished with a verbatim record or any written decision of either the commissioner or the judge, other than the bare order on show cause and order on motion for revision. Otherwise, besides the original decree and findings, the record on review essentially contains only the motion to show cause with supporting affidavit, and Florence's opposing "Memorandum of Points and Authorities". The parties' briefs do agree to some extent on the facts and the basis of the trial court's decision. Therefore, we can divine something of the positions that the parties argued to the Superior Court. We will not review any legal issues that lie outside the record on appeal. *See, e.g., State v. Watkins*, 61 Wn. App. 552, 811 P.2d 953 (1991). However, to the extent the parties agree on the facts and the trial court's decision, we will review the legal issues raised.

[4]There is no suggestion in either the record or the parties' briefs that the trial court's enforcement of the lien despite the passage of more than 10 years was intended as a modification of the decree's property distribution provisions pursuant to a reopening of the judgment. *See* RCW 26.09.170(1).

[5]RCW 7.52.440 "**Unequal partition — Compensation adjudged**", provides, in part, as follows:

property in the nature of a vendor's lien. *Adams v. Rowe,* 39 Wn.2d 446, 236 P.2d 355 (1951); *Hartley.*

A vendor's lien affords the seller of real property a means of securing the unpaid portion of the purchase price. Black's Law Dictionary 1555 (6th ed. 1990).[6] When, as in this case, a particular piece of real property cannot be fairly apportioned, an equalizing monetary award can be made in lieu of partition. *See Adams,* 39 Wn.2d at 447; *Von Herberg v. Von Herberg,* 6 Wn.2d 100, 121, 106 P.2d 737 (1940); *Hartley,* 54 Wn. App. at 438. An owelty lien to secure the debt may be created by agreement of the parties, or it may be decreed by the court as an equitable alternative to partition. 4 G. Thompson, *Real Property* § 1827 (1979 repl.); *Von Herberg,* 6 Wn.2d at 121. The owelty lien is like a vendor's lien in that it attaches to a particular piece of real property to assure payment of a debt related to that property.

An owelty lien commences from the entry of judgment. *Hartley,* at 437 (citing RCW 4.56.200): "The lien of judgments upon the real estate of the judgment debtor shall commence as follows: (1) Judgments . . . of the superior court for the county in which the real estate . . . is situated, from the time of the entry thereof ". As mentioned above, a judgment lien ordinarily expires 10 years after entry of judgment, and "[n]o suit, action or other proceeding" will lie to extend a judgment lien "for any greater or longer period than ten years." RCW 4.56.210(1).

By attaching to a particular piece of real property to secure an equalizing award of money, an owelty lien is significantly more focused and limited in scope than a general judgment

"When it appears that partition cannot be made equal between the parties according to their respective rights, without prejudice to the rights and interests of some of them, the court may adjudge compensation to be made by one party to another on account of the inequality of partition[.]"

[6] It has been held that a vendor's lien does not exist in Washington, *State ex rel. Ritchie v. Douglas,* 198 Wash. 564, 89 P.2d 227 (1939). However, vendors' liens are referenced in the homestead statute, RCW 6.13.080(1), and the *Adams* and *Hartley* cases describe an owelty lien as an equitable lien "in the nature of a vendor's lien." *Adams,* 39 Wn.2d at 449; *Hartley,* 54 Wn. App. at 438. Therefore, we liken the lien in this case to a vendor's lien.

lien. It is a compensating device tailored by the court or the parties to address a specific situation. In this case, not only did Florence acquiesce in the lien in Leslie's favor, but her counsel drafted the findings of fact and decree creating the lien so she could remain in the family home for 8 years without having to satisfy it. That provision essentially delayed entry of the judgment for 8 years. In these circumstances, the statutes limiting enforcement of judgment liens to 10 years after judgment do not apply. Leslie should have a full opportunity to collect the $12,000 he was awarded in the property distribution.

Several exceptions exist to the seemingly absolute statutory limits on lien enforcement. According to 3 R. Powell, *Real Property* ¶ 482[1] (1991):

> Generally, any period during which the judgment creditor is restrained from seeking enforcement of the judgment lien will be added to the duration limit of the lien. Events that have this tolling effect on a judgment include judicially imposed stays on execution, bankruptcy stays, statutorily mandated delays triggered by the death of the judgment debtor, and appeal periods.

(Footnotes omitted.) Various examples will illustrate this point: (1) A bankruptcy petition stays a period prescribed by state statute for enforcing a judgment lien. 11 U.S.C. § 362-(a)(2), (4), (5); *In re Rury,* 21 F.2d 881 (9th Cir. 1927), *cert. denied sub nom. Mitchell v. Cunningham,* 276 U.S. 614 (1928). (2) Likewise, an appeal of the judgment can, in certain cases, stop the running of the period for enforcement of a judgment lien pending the final appellate decision. *See Whitworth v. McKee,* 32 Wash. 83, 72 P. 1046 (1903) (applying former tolling statute, since repealed).[7] (3) Moreover, the period for enforcing a judgment lien may be tolled while an injunction obtained by the debtor against execution of the judgment remains in effect. *See Hensen v. Peter,* 95 Wash. 628, 164 P. 512 (1917); *Weyerhaeuser Pulp Employees Fed. Credit Union v. Damewood,* 11 Wn. App. 12, 521 P.2d 953 (1974). Such exceptions make good

---

[7]Under our modern rules of appellate procedure, an appellant stays enforcement of a "decision affecting property" by filing a bond to supersede the judgment. RAP 8.1(b)(2), (c). *See also* CR 62.

sense and sound policy in appropriate situations. They recognize that a creditor's statutory right and opportunity to enforce a judgment lien should not be truncated by events beyond the creditor's control.

Closest to our situation is an Illinois case, *Holmes v. Fanyo,* 326 Ill. App. 624, 63 N.E.2d 249 (1945). In *Holmes,* the judgment creditor's attempt to execute on the judgment was thwarted by a third party, a bank, who claimed an interest in the judgment and obtained leave to intervene and to stay execution. Illinois law provided that the life of a judgment lien against the debtor's real property was 7 years. The stay of execution remained in effect for more than 7 years until being dissolved by agreement of the judgment creditor and the bank. When the creditor again tried to execute, the judgment debtor raised the statute as a defense. 326 Ill. App. at 627. The *Holmes* court rejected that defense. Applying another section of the Illinois statute, it held that "if the judgment creditor be restrained during that [7-year] period from collecting his judgment, then the lien continues after the seven-year period for a period equal to the period of restraint." *Holmes,* at 630.[8]

Under the decree in this case, Leslie could not require Florence to pay his judgment for $12,000 until 8 years had expired. Thus, he was precluded from enforcing his lien during the first 8 years following entry of the judgment. His affidavit in support of the show cause order shows that he then tried to persuade Florence to pay the money before the expiration of 10 years, but "she had requested additional time."[9]

---

[8]Former Ill. Rev. Stat. ch. 77 (1943) established the life of a judgment lien against real estate at 7 years, but provided in section 2 that:

"When the [judgment creditor] is restrained, by injunction out of chancery, or by appeal, or by the order of a judge or court, or is delayed, on account of the death of the defendant, either from issuing execution or selling thereon, the time he is so restrained or delayed shall not be considered as any part of the [7 years]."

[9]A judgment debtor cannot require the creditor to accept a lesser or alternative performance to that agreed upon, and if the debtor fails to perform as agreed, the creditor can enforce the judgment as entered. *Shepherd v. Continental Bank,* 28 Wn. App. 346, 350, 622 P.2d 1310, *review denied,* 95 Wn.2d 1019 (1981).

Leslie's predicament falls within the rationale of *Holmes* and *Hensen.* Like the creditor in *Holmes,* he was judicially restrained from executing on his judgment for much of the prescribed life of the lien. As in *Hensen,* the judicial restraint on the creditor's ability to enforce the lien was solicited by, and for the benefit of, the debtor. Were we to decide in Florence's favor, the creditor's statutory lien enforcement period in this case would be effectively reduced from 10 years to only 2, a result we cannot countenance. Therefore, in accord with the sound policy of adding to the judgment lien enforcement period any time during which the creditor is restrained through no fault of his own, we hold that Leslie's decretal inability to enforce his lien for 8 years was a restraint that tolled execution of the lien. The 10-year enforcement period began to run when the lien became payable.

The trial court is affirmed.

PETRICH and WIELAND, JJ. Pro Tem., concur.

Review denied at 123 Wn.2d 1009 (1994).