[No. 36733-1-I. Division One. February 18, 1997.]

LOIS HAZEL, *Respondent,* v. LEONARD VAN BEEK, ET AL., *Appellants.*

*David E. Vis, Patrick M. Gallery,* and *Bentley, Gallery & Vis,* for appellants.

*John S. Ludwigson* and *Ludwigson, Thompson, Hayes & Bell,* for respondent.

Cox, J. — In October 1993, the sheriff of Whatcom County sold at an execution sale the home of Leonard and Marjorie Van Beek. The sale satisfied a judgment Lois Hazel obtained against the Van Beeks in November 1983. On October 25, 1993, the sheriff mailed notice of the filing of the sheriff's return. November 2, 1993, was the 10th anniversary of the entry of the 1983 judgment against the Van Beeks. Fifteen days later and 23 days after the mailing of the notice of the sheriff's return of sale, the Van Beeks filed written objections to the sale. The trial court considered the objections, but rejected them and confirmed the sale. We hold that the objections were timely, but the confirmation of the sale was not. Accordingly, we reverse.

In early February 1981, Hazel contacted Leonard Van Beek, a general contractor, to discuss remodeling her home. Van Beek originally estimated that the remodeling would cost $25,000 to $35,000. He later revised that estimate upward to $35,000 to $40,000. Hazel authorized Van Beek to proceed with the job. By early 1982, Hazel had paid Van Beek over $90,000, but the work was still unfinished.

The Van Beeks then filed a Chapter 7 bankruptcy proceeding. Hazel sued them in bankruptcy court and obtained a judgment just over $59,000 on November 2, 1983. She then filed an abstract of judgment in Whatcom County Superior Court. Hazel also made a claim against Van Beek's $4,000 contractor's bond and garnished the Van Beeks' bank account. Notwithstanding these actions, the judgment remained largely unsatisfied.

The Van Beeks filed a Chapter 13 bankruptcy proceeding on January 31, 1984. Hazel objected to the Van Beeks' proposed bankruptcy plan. In August 1984, the bankruptcy court dismissed the case.

In August 1993, Hazel commenced execution sale proceedings to have the Whatcom County sheriff sell the Van Beeks' residence to satisfy the unpaid amount of the 1983 judgment. Hazel was the successful bidder at the October 15, 1993 sheriff's sale. November 2, 1993, was the tenth anniversary of the entry of the 1983 judgment that served as the basis for the sale. On November 17, 1993, the Van Beeks filed written objections to the sheriff's sale. At a November 19 hearing on the motion to confirm sale, the court considered the objections, but orally denied them and ruled that an order confirming sale should be granted.

Prior to entry of that order, the Van Beeks filed another Chapter 13 bankruptcy proceeding, which ended in dismissal. In October 1994, after dismissal of the bankruptcy case, the court entered the order confirming the October 1993 sale. The Van Beeks appeal.

# I

## Timeliness of Objections

We must first resolve a threshold issue that neither party adequately addresses on appeal. Hazel argues that the trial court erred by considering the Van Beeks' objections to confirmation. We disagree.

 Hazel contends that the trial court erred by considering the Van Beeks' allegedly untimely objections to confirmation of the sheriff's sale. The argument is based on the fact that the objections were filed more than 20 days after the *mailing* of the notice of the filing of the sheriff's return of sale. The question of whether the trial court may consider objections that are not timely filed under this statute is a question of statutory construction that we review de novo.[1]

Two statutes are at issue. RCW 6.21.110(2) provides in relevant part:

> The judgment creditor or successful purchaser at the sheriff's sale is entitled to an order confirming the sale at any time after twenty days have elapsed from the mailing of the notice of the filing of the sheriff's return . . . *unless the judgment debtor . . . shall file objections to confirmation with the clerk within twenty days after the mailing of the notice of the filing of such return.*[2]

RCW 6.21.110(3) states in part:

> If objections to confirmation are filed, the court shall nevertheless allow the order confirming the sale, unless on the hearing of the motion, it shall satisfactorily appear that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting.

Here, the record shows the written objections were not filed within the 20-day period specified in RCW 6.21.110(2). The notice of the sheriff's return was mailed on October 25, 1993. The Van Beeks filed their written objections on November 17, 1993, 23 days after the mailing of the notice of filing of the return. At a hearing on November 19, 1993,

---

[1]*Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 443, 842 P.2d 956 (1993).

[2](Italics ours.)

the trial court nevertheless considered and rejected the objections to confirmation of the sale. Thus, the question is whether "shall" in RCW 6.21.110(2) is mandatory so as to have precluded the trial court's consideration of the Van Beeks' objections at the hearing directed by RCW 6.21.110(3).

In *Erection Co. v. Department of Labor & Indus.*,[3] our Supreme Court held that the Legislature's use of the word "shall" in legislation should be presumed to be mandatory unless a contrary legislative intent is apparent. But in *ITT Rayonier, Inc. v. Dalman*,[4] the same court distinguished *Erection Co.* when it interpreted WAC 296-18A--470(2), which states that:

> The director [of the Department of Labor and Industries] must receive a dispute of the employability determination or formal plan, in writing, within fifteen calendar days from receipt of notification to the worker or employer.

The court held that an employee's failure to meet this statutory deadline did not preclude consideration of a challenge received after the 15-day time limit expired. It concluded, having considered the word "must" in light of the statutory and regulatory scheme as a whole, that the Legislature did not intend the apparent mandatory language to divest the agency of discretion to consider a challenge received after the 15-day time limit expired.[5]

We conclude from our review of the statutory scheme before us that the Legislature intended that the word "shall" in RCW 6.21.110(2) is directory, not mandatory. The statutes governing sales under execution were originally enacted in the late nineteenth century. But the 1987 amendments to RCW 6.21 show a legislative intent to protect the interests of judgment debtors in their property from improper sale procedures.

---

[3]121 Wn.2d 513, 518, 852 P.2d 288 (1993).

[4]122 Wn.2d 801, 863 P.2d 64 (1993).

[5]*ITT*, 122 Wn.2d at 807.

For example, before real property may be sold, the sheriff must publish a notice of sale in substantially the form specified in the statute.[6] Moreover, the notice of sale of real property, substantially in the form of the statute, must be given to the judgment debtor.[7] That notice must advise the judgment debtor whose real property is to be sold that the sheriff has been advised that there is insufficient personal property to sell to satisfy the judgment. If the judgment debtor disagrees, the notice advises the debtor to contact the sheriff.[8] Such carefully drawn protections throughout the statutes are inconsistent with an interpretation of the 20-day period of RCW 6.21.110(2) as an absolute bar to consideration of objections filed after that period and before the hearing on confirmation.

It is clear to us that the word "shall" in the statute was intended by the Legislature to be directory rather than mandatory. This is particularly appropriate here where the main challenge in the written objection was to the power of the court to confirm a sale after the underlying judgment on which the sale was based had expired.

We have found only one case that construes the timeliness of objection provision in this statute. In *Krutz v. Batts*,[9] an 1898 case, our Supreme Court held that the trial court improperly denied a motion to strike objections that were not timely filed. There, the objections were filed prior to the hearing on confirmation but after the statutory time limit for filing objections. The court reversed the trial court order that was based on consideration of the untimely objections, stating that "it is evidently not the intention of the law to allow an indefinite time to elapse before an objection to a confirmation is made."[10] Notwithstanding *Krutz*, we believe our holding is dictated by the

---

[6]RCW 6.21.030(2).

[7]RCW 6.21.030(1), RCW 6.21.040.

[8]RCW 6.21.040.

[9]18 Wash. 460, 51 P. 1054 (1898).

[10]*Krutz*, 18 Wash. at 463.

more recent decision in the *ITT* case. The 1987 amendments of the execution sale statutes make it clear that the Legislature intended to protect judgment debtors from improper sale procedures. Conducting an execution sale on the basis of a judgment lien that has expired by the passage of time is an improper sale procedure.[11] Enforcement of a 20-day time period without consideration of objections to allegedly improper sale procedures would be inconsistent with that statutory framework. The word "shall" must therefore be given a directory rather than a mandatory meaning in this statute. The trial court did not err when it considered the merits of the objections to confirmation in this case.

We hasten to add that the case before us is one in which written objections were filed after the statutory deadline but before the hearing on confirmation of sale. We are not called upon to address other situations not presented by this fact pattern and decline to do so.

II

Timeliness of Confirmation

The Van Beeks' main argument is that because the order confirming sale was entered after the expiration of the judgment lien's statutory 10-year life, it is invalid. Hazel responds that a party seeking to execute on a judgment is required to obtain only a writ of execution, and not an order confirming sale, within the 10-year period. In addition, she contends the 1984 bankruptcy stay extended the life of the lien. We hold that the judgment lien in this case expired prior to the November 19, 1993 hearing to confirm the sale and was not extended by any bankruptcy proceeding.

At issue is the interpretation of the statutes governing

---

[11]*See Hardin v. Day*, 29 Wash. 664, 70 P. 118 (1902); *Mueller v. Miller*, 82 Wn. App. 236, 917 P.2d 604 (1996).

execution sales. This is an issue of law, which we review de novo.[12]

RCW 4.56.190 states that judgment liens shall "commence as provided in RCW 4.56.200 *and . . . run for a period of not to exceed ten years from the day on which such judgment was entered . . . .*"[13] RCW 4.56.210, "Cessation of lien," states that

> after the expiration of ten years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor. No suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien shall be extended or continued in force for any greater or longer period than ten years.

Under these statutes, the judgment lien in this case expired on November 2, 1993. The superior court orally granted the motion to confirm the sale on November 19, 1993, 17 days later.

The trial court found that Hazel did not need to obtain the order confirming sale in order to complete execution for the purpose of these statutes. The Van Beeks contend that the confirmation of sale is an essential part of the execution and must be completed before the expiration of the judgment lien. We agree with the Van Beeks.

A judgment lien lives and dies by statute.[14] In *Ferry County Title & Escrow Co. v. Fogle's Garage, Inc.,*[15] Division III of this court upheld a summary judgment permanently restraining a judgment creditor from proceeding with an execution sale where the sale could not be confirmed prior to the statutory expiration of the judg-

[12]*In re Electric Lightwave, Inc.,* 123 Wn.2d 530, 536, 869 P.2d 1045 (1994).

[13](Emphasis added.)

[14]*Mueller v. Miller,* 82 Wn. App. 236, 247, 917 P.2d 604 (1996) (citing *Grub v. Fogle's Garage, Inc.,* 5 Wn. App. 840, 843, 491 P.2d 258 (1971)).

[15]4 Wn. App. 874, 484 P.2d 458, *review denied,* 79 Wn.2d 1007 (1971).

ment.[16] Division II recently cited *Fogle's Garage* favorably in *Mueller v. Miller*.[17]

Hazel contends that *Fogle's Garage* conflicts with RCW 6.17.020, which states that a judgment creditor "may have an execution issued for the collection or enforcement of the judgment at any time within ten years from entry of the judgment." She thus urges us to reject the holding of *Fogle's Garage*. We decline to do so.

First, *Fogle's Garage* correctly points out that our Supreme Court has held that an execution sale, as well as issuance of the execution, must take place within the statutory life of the judgment.[18] In addition, the court has held that confirmation of sale is an essential step in an execution sale.[19] This court is bound by that Supreme Court precedent.

Second, where possible, we must read statutes so as to harmonize them.[20] RCW 6.17.020 may be read in a manner that eliminates the inconsistency Hazel alleges. The fact that a writ of execution may be issued "at any time" during the 10-year period is not necessarily inconsistent with the requirement that a sale and confirmation following issuance of the writ must also occur within the 10-year period that the statutes specify.

Hazel next argues that the life of the judgment lien tolled during the period of the 1984 bankruptcy stay.[21] She contends that the life of the lien was extended for an ad-

---

[16] 4 Wn. App. at 874.

[17] 82 Wn. App. at 247-48 (holding that sheriff's sale that occurred after the expiration of the 10-year period of the judgment lien was void).

[18] *Fogle's Garage*, 4 Wn. App. at 878-79; *Packwood v. Briggs*, 25 Wash. 530, 535, 65 P. 846 (1901); *Hardin v. Day*, 29 Wash. 664, 665, 70 P. 118 (1902); *Long v. Smith*, 125 Wash. 183, 215 P. 342 (1923).

[19] *Betz v. Tower Sav. Bank*, 185 Wash. 314, 322, 55 P.2d 338 (1936).

[20] *In re King*, 110 Wn.2d 793, 799, 756 P.2d 1303 (1988).

[21] 11 U.S.C. § 362(a)(2) provides that the filing of a petition under § 301, 302, or 303 of the bankruptcy act automatically stays the enforcement of any judgment obtained before the commencement of a bankruptcy case against the debtor or the property of the estate.

ditional six months, in this case to May 1994. Hazel contends that the situation at hand falls within the exceptions described in two recent Division II cases. These cases are distinguishable.

In *In re Marriage of Wintermute*,[22] Division II held that where the terms of a divorce decree prevented a husband from conducting an execution sale on the family home for the first eight years following the divorce, the statutory expiration period tolled during those eight years. Division II reaffirmed the holding of *Wintermute* in *Ticor Title Ins. Co. v. Nissell*.[23]

First, the court in *Wintermute* distinguished the lien at issue from a general judgment lien. The lien in *Wintermute* was imposed to compensate the husband for the loss of the family home while allowing the wife to continue to live there. The court stated that the statutes limiting the enforcement of judgments to ten years do not apply to this type of lien.[24] In *Ticor Title*, the court again referred to the distinctive type of lien at issue:

> We have previously described liens that equalize the division of property and are awarded against a specific piece of property as a form of equitable lien. When an equitable lien secures a debt, the creditor must take court action to subject the security to payment of the debt.[25]

The creditors in both cases were prevented from executing on the respective properties from the dates of inception of the liens by the terms of the decrees creating the liens.

Second, the fact that the husband in *Wintermute* was prevented from executing during eight years of the 10-year life of the lien figured significantly in the court's de-

---

[22]70 Wn. App. 741, 855 P.2d 1186 (1993), *review denied*, 123 Wn.2d 1009 (1994).

[23]73 Wn. App. 818, 822, 871 P.2d 652 (1994).

[24]*Wintermute*, 70 Wn. App. at 745-46.

[25]73 Wn. App. at 822 (citations omitted).

cision.[26] The court cited *Holmes*,[27] an Illinois case where the trial court issued an order staying execution of the judgment less than one month following the date on which the creditor obtained the judgment.[28] The stay was vacated on the date the judgment lien expired.[29] The court held that the life of the lien had tolled during the stay. Similarly, in *Ticor Title*, the terms of the divorce decree prevented execution for six years.[30] In this case, the Van Beeks' second bankruptcy case prevented execution by Hazel for six months. This does not constitute a significant portion of the judgment's 10-year life.

Hazel contends that *Wintermute* stands for a broad rule encompassing this case. While it is true that the *Wintermute* court noted a bankruptcy petition might toll the statutory limitation[31] and that it cited at least one case that did not involve a lien created by a divorce decree,[32] the case law does not support Hazel's argument.

In *In re Rury*, the case cited by *Wintermute* for the proposition that a bankruptcy stay tolls the life of the lien, the court merely states that where a judgment is transformed into a valid claim in bankruptcy court, expiration of the life of the judgment under state statutes does not extinguish the claim for purposes of the bankruptcy court.[33] The Illinois court in *Holmes* applied a statute that explicitly extended the life of a judgment where the creditor was prevented from executing during part of

---

[26]*Wintermute*, 70 Wn. App. at 748.

[27]*Holmes v. Fanyo*, 326 Ill. App. 624, 63 N.E.2d 249 (1945).

[28]63 N.E.2d at 249-50.

[29]An Illinois statute provided that the life of a judgment lien was seven years. 63 N.E.2d at 250. The judgment in the case was obtained on September 13, 1937, and the stay was vacated on September 13, 1944. 63 N.E.2d at 249-50.

[30]73 Wn. App. at 822.

[31]*Wintermute*, 70 Wn. App. at 746 (citing *In re Rury*, 21 F.2d 881 (9th Cir. 1927), *cert. denied sub nom. Mitchell v. Cunningham*, 276 U.S. 614 (1928)).

[32]*Holmes*, 326 Ill. App. 624, 63 N.E.2d 249 (1945).

[33]21 F.2d at 882.

that life.[34] Additionally, cases referred to in a treatise[35] cited by the *Wintermute* court address different issues[36] or cite state statutes for the rule.[37] Washington has no statute allowing for the tolling of a judgment lien. We therefore decline to apply the broad rule Hazel argues.

Hazel also suggests that the facts of this case place it within the exception created by our Supreme Court in *Hensen v. Peter*.[38] In *Hensen*, the court decided that where a judgment debtor obtained an injunction preventing the judgment creditor from executing, and the injunction was later dismissed, the time limitation on the judgment would toll.[39]

In *Hensen*, the judgment debtor obtained an injunction restraining the judgment sale approximately six months before the judgment was to expire. The sale took place over two years later, after trial, appeal, and dissolution of the injunction. The *Hensen* court indicated that where a judgment debtor pursues litigation "without merit" to prevent a judgment sale within the statutory life of the

---

[34]*Holmes*, 63 N.E. 2d at 251-52 (citing Ill. Rev. Stat., ch. 77, § 2 (1943)).

[35]3 RICHARD R. POWELL, REAL PROPERTY ¶ 482[1] (1991).

[36]*In re Estate of Eagleson*, 172 N.J. Super. 98, 410 A.2d 1187 (six-month stay of execution sale following death of debtor did not apply where creditor had issued execution prior to the death), *certification denied sub nom. American Nat'l Bank & Trust v. Estate of Eagleson*, 420 A.2d 338, 84 N.J. 431 (1980); *Knibb v. Security Ins. Co.*, 121 R.I. 406, 399 A.2d 1214 (1979) (whether surviving wife as joint tenant to real property becomes sole owner or takes property subject to unsatisfied judgment against her husband where property is levied but not sold prior to husband's death).

[37]*Holmes*, 63 N.E. 2d at 251-52; *In re Harbin*, 25 B.R. 703 (Bankr. W.D. Tenn. 1982) (citing TENN. CODE ANN. § 25-5-106 (1980)), *superseded by statute as noted in Weaver v. Hamrick*, 907 S.W.2d 385, 390-91 (Tenn. 1995) (holding that 1994 version of § 25-5-106 does not provide for suspension of the judgment lien enforcement period when a bankruptcy proceeding has stayed execution). *See also North Carolina Joint Stock Land Bank v. Bland*, 231 N.C. 26, 56 S.E.2d 30, 35 (1949) (citing G.S. § 1-234); *Federal Land Bank v. United States*, 21 A.D.2d 936, 250 N.Y.S.2d 999 (1964).

[38]95 Wash. 628, 164 P. 512 (1917).

[39]95 Wash. at 637.

judgment lien, the court may apply an equitable exception and extend the statutory life accordingly.[40]

In *Weyerhaeuser Pulp Employees Federal Credit Union v. Damewood*,[41] Division II of the Court of Appeals declined to extend *Hensen* to a case where it found that the one of the bases for a temporary restraining order (TRO) was not meritless and where the creditor could have remedied the situation prior to the expiration of the lien. The court held that these facts were distinguishable from *Hensen*.[42] In doing so, it stated that the *Hensen* exception "obviously has extremely limited application."[43] We agree.

Hazel argues that the Van Beeks pursued meritless litigation as a delaying tactic by filing for bankruptcy twice after the judgment was entered. The record does not reflect facts to support this argument. The 1984 bankruptcy case was dismissed eight years prior to the expiration of the judgment. While the Van Beeks may have been attempting to escape the judgment by filing for bankruptcy, they could not have intended to prevent Hazel from executing by delaying execution until expiration of the judgment. This situation contrasts with *Hensen*, where the debtor obtained a TRO the day after the judgment sale was advertised, preventing sale for over two years during which time the statutory expiration date passed.[44]

Further, extending the exception to this case would not be consistent with the equitable basis of the exception expressed in *Hensen*. Here, Hazel had ample opportunity to execute on her judgment prior to the expiration date of the lien. Once she commenced execution, the Van Beeks did nothing to prevent her from carrying it out.

Because we hold that the order confirming sale was in-

---

[40]95 Wash. at 637.

[41]11 Wn. App. 12, 521 P.2d 953 (1974).

[42]*Weyerhaeuser*, 11 Wn. App. at 15-16.

[43]*Weyerhaeuser*, 11 Wn. App. at 16.

[44]*Hensen*, 95 Wash. at 629.

valid, we need not reach the other objections to confirmation of the sale that the Van Beeks made below.

We reverse the order confirming sale.

KENNEDY, A.C.J., and COLEMAN, J., concur.

After modification, further reconsideration denied April 25, 1997.

Review granted at 133 Wn.2d 1009 (1997).